**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
ARNOLD L. WHITAKER, SR.       :    Civ. No. 3:18CV02100(KAD)
                              :
v.                            :
                              :
STOP & SHOP                   :
SUPERMARKET CO. LLC.          :    January 3, 2019
                              :
------------------------------x
```

**RECOMMENDED RULING**

This matter is before the Court on an initial review of a complaint ("the Complaint") filed by self-represented plaintiff Arnold L. Whitaker, Sr. ("plaintiff"). See Doc. #1. For the reasons set forth below, the Court recommends that the Complaint be **DISMISSED**, without prejudice to refiling.

**I.   Background**

Plaintiff filed this action on December 21, 2018. See Doc. #1. Plaintiff alleges: "On or about May of 2018 I was Employee of Stop & Shop and on that day ... Ms. Maria Mase cash Department Head came out side and started to argue with me and I stated that (SLAVERY) days is over with and she started that slavery day is not over and that I was still a Slave." Id. at 2 (sic). Plaintiff asserts that these remarks were "unethical and bias towards" him, and that they constitute discrimination on the basis of his race and color, in violation of Title VII of the Civil Rights Act of 1964. Id. at 3. As relief, plaintiff

1

seeks $5,000,000 as compensation for his alleged pain and suffering. See id. at 5.

**II.   Standard of Review Under §1915**

The determination of whether an in forma pauperis plaintiff should be permitted to proceed under 28 U.S.C. §1915 involves two separate considerations. The Court must first determine whether plaintiff may proceed with the action without prepaying the filing fee in full. See 28 U.S.C. §1915(a). The Court has already addressed that issue. See Doc. #8. Second, section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §§1915(e)(2)(B)(i), (ii). In the interest of efficiency, the Court reviews the merits of complaints filed pursuant to 28 U.S.C. §1915 shortly after filing.

The Court construes complaints filed by self-represented plaintiffs liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017). The Court exercises caution in dismissing a case sua sponte because a claim that the Court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a

claim[,]" the Court will permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

### III. Discussion

The Court construes the Complaint as seeking to allege a hostile work environment claim. In order to state a claim based on a hostile work environment under Title VII, a plaintiff must allege facts establishing that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment. Isolated instances of harassment ordinarily do not rise to this level." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000) (citations and quotation marks omitted). As the Supreme Court has held, "mere utterance of an epithet which engenders offensive feelings in a employee, does not sufficiently affect the conditions of employment to implicate Title VII." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (citation and quotation marks omitted).

> For racist comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of racial enmity, meaning that instead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments. Thus, whether racial slurs constitute a hostile work environment typically depends upon the quantity, frequency, and severity of those slurs, considered cumulatively in order to obtain a realistic view of the work environment.

3

Schwapp v. Town of Avon, 118 F.3d 106, 110-11 (2d Cir. 1997) (citations and quotation marks omitted). Plaintiff's allegation of a single racist remark, "that slavery day is not over and that [he] was still a Slave[,]" Id. at 2 (sic), standing alone, is insufficient to support a hostile work environment claim. Accordingly, the Court recommends that the Complaint be dismissed, without prejudice to refiling.

Additionally, the Court notes: "As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). The standard complaint form used by plaintiff includes sections addressing the pursuit of administrative remedies before the EEOC or CHRO, which plaintiff left blank. See Doc. #1 at 4. Although not required, if plaintiff chooses to file an amended complaint, he is encouraged to attach any Notice of Right to Sue letter he has received.

### IV. Conclusion

For the reasons set forth herein, the Court recommends that the Complaint be **DISMISSED**, in accordance with 28 U.S.C. §§1915(e)(2)(B)(ii), without prejudice to refiling.

If plaintiff wishes to pursue his claim(s), he must file an amended complaint that sets forth a clear statement of his

4

claim(s) on or before **January 24, 2019.** The amended complaint must be captioned "Amended Complaint," and will completely supersede the current Complaint.

This is a Recommended Ruling. **Any objections to this Recommended Ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order**. Failure to object within 14 days will preclude appellate review. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); FDIC v. Hillcrest Assocs., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut, this 3rd day of January, 2019.

                                       /s/
                               HON. SARAH A. L. MERRIAM
                               UNITED STATES MAGISTRATE JUDGE